**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |
|---|---|
| **FOUNTAIN L. TAYLOR, III** | * |
| Plaintiff, | * |
| v. | *     Case No.: PWG-13-3662 |
| **UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 400** | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff, a former supermarket employee, has brought this action alleging that Defendant union breached its duty of fair representation in connection with Plaintiff's 2010 termination. Defendant has moved to dismiss on the grounds that this case was brought outside of the six-month statute of limitations for such actions. Because I agree with Defendants, the motion to dismiss is granted

**I.  BACKGROUND**

For purposes of considering Defendants' Motion, this Court accepts the facts that Plaintiff alleged in his Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Fountain L. Taylor, III was employed by Safeway and a member of United Food and Commercial Workers, Local 400 ("UFCW" or the "Union") as of 2010. Compl. 1, ECF No. 2. On July 30, 2010, Taylor's supervisor accused him of smelling of alcohol and sent him home from work. *Id.* At a later time, not specified in the Complaint, Taylor learned that he had been terminated. *Id.*

Safeway's policies at that time entitled Taylor to an alcohol or drug test before he could be terminated for substance abuse, and he never received any such test. *Id.* Taylor sought assistance from his Union representative at an unspecified date, but appears to have received no assistance from the Union. *Id.* at 1, 3.

On April 2, 2013, Taylor filed his *pro se* Complaint against the Union in the District Court for Prince George's County, alleging a breach of the Union's duty of fair representation. Compl.[1] The Union removed to this Court on December 4, 2013, Notice of Removal, ECF No. 1, and filed a Motion to Dismiss ("Def.'s Mot."), ECF No. 10, and a supporting memorandum (Def.'s Mem."), ECF No. 10-2, shortly thereafter on December 11, 2013. Nearly six months later, on June 9, 2014, Taylor contacted the Clerk of this Court to inquire about this case, and stated that he had not received copies of this Court's letter advising him of his rights under Fed. R. Civ. P. 12. Irrespective of whether he was served on December 11, 2013 or first became aware of the motion on June 9, 2014, Taylor's time to respond now has passed and he has not done so. Loc. R. 105.2(a). Having reviewed the filings, I find a hearing is not required. Loc. R. 105.6.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the

---

[1] Although the Notice of Removal states that the Complaint was filed on October 29, 2013, Notice of Removal, ECF No. 1, the Complaint itself is dated April 2, 2013, Compl. 1. The Maryland Judiciary Case Search website indicates that the date of initial case filing was April 2, 2013. Case Information, *Maryland Judiciary Case Search*, http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=050200097992013&loc=20&detailLoc=DSCIVIL (last visited Sept. 4, 2014); *see also* Fed. R. Evid. 201.

applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

That said, "Factual allegations must be enough to raise a right to relief above a speculative level." *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 472–73 (D. Md. 2009) (quoting *Twombly*, 550 U.S. at 545). A plaintiff fails to state a claim where the allegations on the face of the complaint show that an affirmative defense would bar any recovery. *Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (citing Fed. R. Civ. P. 8(c)); *see Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense"). Although Plaintiff is proceeding *pro se* and his complaint is to be construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), this does not absolve Plaintiff of his obligation to plead a plausible claim, *see Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

## III.     DISCUSSION

Defendant UFCW has moved to dismiss the Complaint as time-barred by the applicable statute of limitations.  Def.'s Mem. 1.

The duty of fair representation was recognized in *Vaca v. Sipes*, 386 U.S. 171, 177 (1967), in which the Supreme Court held that the exclusive authority given to unions "to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."  Although not expressly provided for in § 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185 and authorizing suits for breaches of collective bargaining agreements, a suit for the breach of the duty of fair representation has been described as "a hybrid § 301/fair representation claim," "which is implied under the scheme of the National Labor Relations Act."  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1963); *see also Terry v. Chauffeurs, Teamsters & Helpers, Local 391*, 863 F.2d 334, 337–38 (4th Cir. 1988).  The Supreme Court in *DelCostello* held that such actions are subject to the six-month limitations period provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).  *DelCostello*, 462 U.S. at 154–55.  "The general rule is that a cause of action accrues when the plaintiff knows or should have known that a violation of his rights has occurred."  *Gilfillan v. Celanese Ag*, 24 F. App'x 165, 167 (4th Cir. 2001).

According to the Complaint, Taylor was terminated on July 30, 2010. Compl. 1.  Taylor alleges that he was not informed of his termination until a later date, but does not specify that date.  *Id.*  He did not file his Complaint until April 2013, nearly three years after his termination.  It not only is unlikely that Taylor took over two years to realize that he had been terminated from

his job, but Taylor also has not responded to Defendant's Motion to Dismiss with any basis for so inferring. Accordingly, I find that Taylor's claim is time-barred and must be dismissed.

## IV.     CONCLUSION

In sum, Defendant United Food and Commercial Workers, Local 400's Motion to Dismiss is GRANTED. A separate order shall issue.

Dated: September 8, 2014                              /S/
                                        Paul W. Grimm
                                        United States District Judge

dsy